## INHABITANTS OF THE TOWN OF OXFORD *against* THE INHABITANTS OF THE TOWN OF WOODBRIDGE.

There being two parishes in the same town, a pauper resided in the first four years; he then removed to the second, and resided there six months, when it was incorporated into a distinct town; he remained there after the incorporation four years and six months, and then went away. Held, that he gained no legal settlement in the town last mentioned.

WRIT of error.

This was an action of *indebitatus assumpsit*, brought by the town of *Woodbridge* against the town of *Oxford*, for money paid, laid out, and expended, for the support of one *Philo Bradley*. In the county court, the general issue being pleaded, the jury found a special verdict, stating, that prior to *October*, 1799, the town of *Oxford* was a parish of the town of *Derby*; that about the 1st of *May*, 1795, *Bradley* removed from *Plymouth*, in

*Litchfield* county, to a place in the town of *Derby*, without the limits of *Oxford*, whence he removed to a place in *Oxford*, in *May*, 1799; that in *October*, 1799, the parish of *Oxford* was incorporated into a town; and that he resided in the territory of *Oxford*, from the 1st of *May*, 1799, until the 1st of *May*, 1804, supporting himself and family during the whole time, and then removed to *Woodbridge*, where he became chargeable.

June, 1808.

Inhabitants of OXFORD
v.
Inhabitants of WOODBRIDGE.

Upon these facts, the county court decided, that the defendants were liable for his support, and rendered judgment accordingly. On error to the superior court, that judgment was affirmed.

*Staples*, for the plaintiffs in error.

The statute points out several ways in which a man may gain a legal settlement in a town; and one, among others, is, by residing and supporting himself for the term of six years.(a)

(a) By *Stat. Conn.* tit. 91. s. 4. it is enacted, "That any inhabitant of any town in this state may remove with his or her family, or if such person have no family, may remove him or herself into any other town in this state, and continue there without being liable to be warned to depart, or to be removed therefrom, except in the case hereinafter provided; and shall gain a legal settlement in the town to which he or she may have so removed, in case he or she shall reside in such town for the full term of six years next from and after his or her first removal into such town; and shall, during the whole of said term, have supported him or herself, and his or her family, if such person have a family, at the time of said first removal, or at any time during said term, without his, her, or their becoming chargeable to such town, or to the town that may by law be liable to charge for the support of such person and family; but if any such person shall, at any time before the expiration of said term of six years, become unable to support and maintain him or herself, and family, if any be, and become chargeable to the town, that may be liable to charge for his, her or their support; in that case, every such person, with his or her family, if any be, may be removed to the place of his or her last legal settlement," &c.

Inhabitants of
OXFORD
v.
Inhabitants of
WOOD-
BRIDGE.

It is contended by the defendants in error, that the pauper in question comes within this provision of the statute. But this, we contend, is impossible; for the town of *Oxford* had not been incorporated six years, when he moved away. [This case was argued on the supposition, that the whole time that the pauper resided within the territory of *Oxford*, before and after its incorporation, was more than six years; but as the record does not support, and the decision of the court does not appear to proceed upon, such a state of facts, a further report of the arguments of counsel is omitted.]

*Ingersoll* and *N. Smith*, for the defendants in error.

BY THE COURT, MITCHELL, Ch. J. and BALDWIN, J. dissenting. If the pauper in question has gained a settlement in the town of *Oxford*, it is because he has resided in the town for the full term of six years. Such are the plain, positive directions of the statute; and no rights or duties exist, as applicable to this case, except what are created by statute. The only point of inquiry, then, must be, has the pauper so resided? This is, at once, answered in the negative, by the record; and his residing in *Derby*, before the incorporation of *Oxford*, can have no effect whatever.

Judgment reversed.